**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12723

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Ex Rel.,

                                                              *Plaintiff,*

ELIZABETH PETERS YOUNG,

Relator,

                                                      *Plaintiff-Appellee,*

*versus*

BTW SOLUTIONS, LLC,

                                                    *Defendant-Appellant,*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:17-cv-00094-CDL

————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

2                          Opinion of the Court                    25-12723

PER CURIAM:

BTW Solutions, LLC is a wholesale distributor of pharmaceutical products. In this case, relator Elizabeth Young alleged that BTW submitted false reimbursement claims to a federal workers' compensation program and then gave kickbacks to clients. After BTW settled with the federal government, Young moved for attorneys' fees. Because the district court did not abuse its discretion by granting that motion, we affirm.

## I.

As alleged, BTW colluded with physicians who agreed to purchase prescription pain creams from BTW on behalf of patients covered by federal workers' compensation. BTW billed the Office of Workers' Compensation Programs for those drugs—not at the rates set out in applicable fee schedules but at a 900% markup, to the tune of $4.9 million dollars over five-and-a-half years. BTW and the purchasing physician would then split the proceeds, usually down the middle.

Relator Elizabeth Young learned about this scheme when she worked for BTW as a salesperson back in 2015. Two years later, she sued BTW and sixteen physicians and clinics for violations of the False Claims Act and other statutes. After a years-long investigation, the federal government finally intervened in 2023, opting to proceed only against BTW under the False Claims Act. In 2025, BTW settled the lawsuit for $1.5 million, with a portion of that amount payable to Young. The district court then

granted Young's motion for attorneys' fees and costs, allowing her to recover an additional $263,680.08.

BTW brings this appeal to challenge Young's entitlement to attorneys' fees and costs, as well as the amount of the fees award.

## II.

We review a "district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law de novo and reviewing subsidiary findings of fact for clear error." *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

## III.

Under the False Claims Act, a "relator who initiates a meritorious *qui tam* suit receives a percentage of the ultimate damages award" or settlement amount, "plus attorney's fees and costs." *See State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 29 (2016); 31 U.S.C. § 3730(d)(1). Apparently invoking the doctrine of unclean hands, BTW contends that it would be inequitable for Young to recoup attorneys' fees and costs because she was convicted of conspiring to pay and receive kickbacks in a different scheme at a different company.

Even assuming that § 3730(d)(1) must be read in light of background principles of equity, those principles cannot bear the weight that BTW places on them. "The unclean hands doctrine proscribes equitable relief when, but only when, an individual's misconduct has immediate and necessary relation to the equity

that he seeks." *Henderson v. United States*, 575 U.S. 622, 625 n.1 (2015) (quotation omitted). If the plaintiff's past crimes "had nothing to do" with the remedy sought, "the unclean hands rule has no role to play." *Id*. Here, BTW concedes that "Young was not convicted for specific acts that were at issue in this case." Put differently, this is not a case "arising out of the transaction in connection with which the wrong was committed." 2 John N. Pomeroy, *A Treatise on Equity Jurisprudence* § 399, at 100 (Spencer W. Symons ed., 5th ed. 1941). So BTW's unclean hands defense necessarily fails.

Next, BTW challenges the district court's $263,393.50 attorneys' fees award as unreasonable on two grounds.[1] Neither persuades.

*First*, BTW contends that Young's lawyers spent much of their time developing unrelated claims against its codefendants. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). "Whether two claims are related turns on the evidence needed to prove them." *Johnston v. Borders*, 36 F.4th 1254, 1283 (11th Cir. 2022). If there is sufficient overlap in "the evidence that will be introduced to prove the claims at trial," those claims are likely related. *Id*. at 1284. Here, Young's claims against BTW and its

---

[1] BTW does not challenge the amount of the district court's $286.58 costs award.

codefendants rest on "a common core of facts": BTW partnered with physicians to submit false claims for reimbursement, and then split the proceeds through an illegal kickback scheme. *See Hensley*, 461 U.S. at 435. The district court did not abuse its discretion by declining to shave off time spent investigating and pursuing related claims.

*Second*, BTW asserts that Young's lawyers spent an excessive amount of time on this case. From start to finish, they devoted 396 hours—about 47 hours a year for eight-and-a-half years—to this matter. In a relatively complex and long-running case like this one, it should not be surprising that Young's lawyers dedicated as much time as they did. Tellingly, BTW does not point to any particular billing entry that involves "excessive, redundant, or otherwise unnecessary" work.[2] *Id.* at 434. Rather, it mounts a generalized "boilerplate objection," which is neither "particularly helpful" nor "entitled to much weight." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In contrast, the district court carefully parsed billing records and granted Young's motion after it found "no instances of unnecessary time." That decision is not abuse of discretion.

---

[2] BTW identifies a couple entries that entail impermissible "block billing," where more than one task is assigned to one entry. The district court concluded that the error is harmless: none of the entries "improperly combine recoverable and non-recoverable time" or involve "impermissibly redundant" tasks. On this record, the court was within bounds to reach that conclusion.

6                    Opinion of the Court                    25-12723

⋆        ⋆        ⋆

We **AFFIRM** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.